IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRANDON D. MCDUFFIE,

                      Plaintiff,                           OPINION AND ORDER

    v.

                                                  21-cv-138-wmc

JAMES ELSINGER, OFFICER
JOSEPHS, JEAN LUTSEY, and
WILLIAM SWEIKATOWKSI,

                      Defendants.

---

*Pro se* plaintiff Brandon C. McDuffie is proceeding on claims that defendants provided inadequate medical care, unlawfully strip-searched him, and retaliated against him while he was incarcerated at Green Bay Correctional Institution ("Green Bay"). (Dkt. #6.) Defendants have moved to dismiss or transfer this case, contending that venue is proper in the Eastern District of Wisconsin. (Dkt. #11.)

The court will grant defendants' motion and transfer the case to the Eastern District. Under 28 U.S.C. § 1391(b)(1)-(2), venue is proper in a district court where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to a lawsuit occurred. Defendants are or were Wisconsin Department of Corrections ("DOC") employees who worked at Green Bay, which is in the Eastern District. They assert without dispute that none of them reside within the Western District of Wisconsin and did not reside there when the complaint was filed. Venue is therefore improper in the Western District under § 1391(b)(1).

Defendants also assert that all of the relevant events allegedly took place in Green Bay, meaning that venue is proper in the Eastern District under § 1391(b)(2). McDuffie

contends that venue is still proper in the Western District because he filed grievances that the DOC Secretary reviewed in Dane County, which is in the Western District for venue purposes. *See* 28 U.S.C. § 130(b). But these efforts are not the basis of McDuffie's complaint -- the complaint is based on events that occurred nearly exclusively at Green Bay. *See* Dkt. 6 at 2-3. McDuffie even bases his retaliation claim on verbal complaints he made to Elsinger and Josephs at Green Bay (*see* dkt. #6 at 6), not on formal complaints that the DOC processed in Dane County. Defendants have shown that venue is proper in the Eastern District of Wisconsin.

When venue is improper, courts may dismiss or, "if it be in the interest of justice," transfer the case to the proper venue. 28 U.S.C. § 1406(a). The court has allowed McDuffie to proceed on some claims and therefore concludes that transfer to the district where the events at issue occurred, rather than dismissal, is in the interests of justice.[1]

---

[1] The court notes that defendants filed their motion on the same day they answered the complaint, and defendants' answer does not raise the defense of improper venue. (*See* dkt. #10.) Federal Rule of Civil Procedure 12(b) provides that a motion asserting the defense of improper venue "must be made before pleading if a responsive pleading is allowed." But defendants filed their motion very early in the case, and failing to file the motion before answering did not cause the court to expend unnecessary resources or inconvenience McDuffie. *Cf. Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004) (in determining whether a defendant forfeits the defense of improper venue by tardily raising it, courts may consider whether the delay inconvenienced the plaintiff or caused "wasted motion by the court"). Nor has McDuffie argued that defendants forfeited the defense of improper venue. (*See* dkt. ##14, 15.) In these circumstances, defendants did not forfeit this defense. *Cf. Am. Patriot*, 364 F.3d at 887-88; *Friedman v. World Transp., Inc.*, 636 F. Supp. 685, 687-88 (N.D. Ill. 1986) (defense of improper venue not waived even though defendant raised it in a motion to dismiss filed shortly after an answer that did not mention venue, partly because defendant raised the venue defense "promptly").

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss or transfer (dkt. #11) is GRANTED.

2) This case is TRANSFERRED to the Eastern District of Wisconsin.

3) The clerk of court is directed to send plaintiff a copy of this order.

Entered this 14th day of February, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3